RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
RACHEL KORENBLAT
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Rachel_Korenblat@fd.org

Attorney for Justin Brown

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-058-JCM-VCF |
| Plaintiff, | **MOTION TO DISMISS OR SUPPRESS EVIDENCE** |
| v. | |
| JUSTIN BROWN, | **(Evidentiary Hearing Requested)** |
| Defendant. | |

<u>Certification</u>: Mr. Brown reserved the right to file a supplement to his Motion to Suppress.[1]

The defendant, Justin Brown, by and through his counsel of record, Rachel Korenblat, Assistant Federal Public Defender, and hereby moves this Honorable Court for an order dismissing his indictment because of the Las Vegas Metropolitan Police Department's

---

[1] Mr. Brown reserved this right at the time he filed his moving Motion to Suppress because the government had not yet produced certain body camera recordings of the event. (ECF No. 20 at 1, n.1.) After Mr. Brown filed his Motion to Suppress, the government produced more body camera recordings. This Motion to Dismiss or Suppress Evidence is in response to those recordings. Mr. Brown thus seeks leave of the Court to file the instant motion.

("LVMPD's") failure to preserve critical evidence regarding Mr. Brown's arrest and search of his property. In the alternative, Mr. Brown seeks an order suppressing the evidence the LVMPD seized as a result of the LVMPD's search—the firearm indicted herein and Mr. Brown's statements. This motion is supported by the following Points and Authorities, Federal Rule of Criminal Procedure 12(b), and all pleadings and papers filed herein. Mr. Brown requests an evidentiary hearing to resolve any disputed factual issues.

DATED this 14th day of June, 2017.

RENE VALLADARES
Federal Public Defender

By:    */s/ Rachel Korenblat*
RACHEL KORENBLAT,
Assistant Federal Public Defender
Attorney for Justin Brown

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **FACTUAL BACKGROUND**

On February 21, 2017, the grand jury in the District of Nevada returned a one-count indictment against Mr. Brown for Felon in Possession of a Firearm, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (the "Indictment"). (ECF No. # 1.) The facts leading to the Indictment are as follows.

**A.  The Las Vegas Metropolitan Police Department's Encounter with Mr. Brown**

On January 29, 2017, Las Vegas Metropolitan Police Department ("LVMPD") Officers Rodriguez and Roberts were dispatched to a report of a stolen vehicle, which was occupied by a male and female, at 8471 W. Sahara Ave in Las Vegas, Nevada. (Exhibit A, attached hereto (Arrest report).) The owners of the vehicle were on the scene detaining the vehicle until the officers arrived. (*Id.*) A third officer, Officer Lebario, arrived and detained the male, identified as Mr. Brown. (*Id.*) Officer Rodriguez conducted a records check on Mr. Brown and found he had a warrant out of Las Vegas Municipal Court for failure to yield, a traffic offense. (*Id.*) After arresting Mr. Brown for the warrant, Officer Roberts conducted a search incident to arrest of Mr. Brown's belongings, which were within the stolen vehicle. (*Id.*) Officer Roberts located the Ruger firearm indicted herein.

**B.  Mr. Brown's Statements**

Officer Rodriguez's Arrest Report states that at 7:55 p.m., Officer Lebario read Mr. Brown his *Miranda* rights. (Ex. A.) After stating that he understood his rights, Mr. Brown allegedly admitted that the "firearm in his bag belonged to him." (*Id.*) Officer Lebario, as well as other officers, wore a body camera during this event. The officers arrested Mr. Brown for possessing the firearm. (Ex. A.)

### C.     The LVMPD Body Camera Recordings

The government produced 15 clips of body camera recordings from seven LVMPD officers, including from Officers Rodriguez, Roberts and Lebario. (*See* Exhibit B, manual filing (body camera recordings).)[2]  Thus, all of the LVMPD officers who dealt with Mr. Brown's arrest and search of his belongings wore operational body cameras.  The recordings are in clips that average a couple of minutes in length to some that are longer.  For Mr. Brown, none of the recordings capture the entire duration of his police encounter.  Noticeably absent from the recordings are any evidence regarding Mr. Brown's initial encounter, the warrant check, Mr. Brown's arrest or the search of his belongings by the LVMPD.  For example, Office Roberts (P#9080) conducted the search of Mr. Brown's belongings. (Ex. A at p. 1.)  The government only produced a 4 minute 40 second clip from Officer Roberts's body camera. (Ex. B at 170129-3346 P#9080 pt 1 of 1.)  Officer Roberts did not search Mr. Brown's belongings during this clip.  It appears he did so after he said "camera off, dude" to another officer. (*Id.* at 4:35-37.)

Thus, the LVMPD officers recorded some of Mr. Brown's encounter, but intentionally failed to record other critical portions, such as the search of his belongings.  This failure to preserve evidence to create a record when the LVMPD had the ability to do so calls for dismissal or, in the alternative, suppression of the firearm and Mr. Brown's statements

## ARGUMENT

The LVMPD's failure to record significant portions of Mr. Brown's arrest allows this Court to sanction the government by either dismissing the Indictment or suppressing evidence.

---

[2] Mr. Brown will provide a courtesy copy of the recordings to the Court.

4

I. **The LVMPD's Failure to Record Critical Portions of Mr. Brown's Encounter Calls for Dismissal of the Indictment**

In *California v. Trombetta*, 467 U.S. 479, 489 (1984), the Supreme Court held that loss of evidence constitutes a due process violation under the Constitution when the evidence possesses an exculpatory value that was apparent before the evidence was lost, and the nature of the evidence renders the defendant unable to obtain comparable evidence by other reasonably available means.  Thereafter, in *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988), the Court held that, when the lost evidence is found to be only potentially exculpatory, the defendant must make an additional showing that the evidence was lost in bad faith.  When a due process violation exists, the Court may dismiss the charges that relate to the lost evidence, which here would be the entire Indictment.  *United States v. Jacobs*, 855 F.2d 652, 655 (9th Cir. 1988).

While there does not appear to be destruction of evidence, Mr. Brown is left with the same result due to the officer's failure to preserve evidence by choosing not to record their encounter.[3]  There is no justification for the officers' failure to record Mr. Brown's initial encounter with law enforcement, the officer's warrant check, and the officer's search of his property.  Thus, like destruction of evidence, the officers failed to preserve evidence by intentionally failing to create it in the first instance.  The officers did so by intentionally turning off and on their recording devices.

The failure to record Mr. Brown's entire arrest is prejudicial.  Mr. Brown's initial encounter with law enforcement had the potential to be exculpatory because the officers could have recorded Mr. Brown's location vis-a-vie the firearm and his demeanor when they first encountered him, but the officers chose not to create such a record.  Mr. Brown made statements that are not captured on the recordings.  Mr. Brown made other statements that cannot be heard

---

[3] Mr. Brown reserves the right to renew this Motion if the officers recorded the entire event, edited it into the produced clips, and then deleted the remainder.

because of the lack of audio at the start of the clips.  Mr. Brown's proximity to the firearm during his arrest and their search are also important facts for his pending Motion to Suppress challenging the officers' supposed search incident to arrest of his belongings.  Further, the timeline, including the lapse of time between the officer's warrant check, Mr. Brown's arrest and the officers' search are additional facts that are necessary for the suppression motion.  This timeline is not captured due to the piecemeal nature of the various officers' recordings.  Finally, the government argues in response to Mr. Brown's suppression motion that the officers would have inevitably discovered the firearm because the officers conducted an inventory search.  But the officers failed to create a record whether they complied with the LVMPD policies with respect to inventory searches. Accordingly, the failure to create these recordings violates Mr. Brown's due process rights.

The failure to create these recordings was also done in bad faith.  The entire purpose of requiring body camera recordings is for law enforcement to create a record.  The only record the officers chose to create of Mr. Brown was his interrogation.  But they decided not record anything that preceded that interrogation such as, importantly, their discovery of the firearm.  Indeed, the disjointed nature of these recordings was not by accident or forgetfulness.  As mentioned above, Officer Roberts, who discovered the firearm during his search, intentionally turned his camera off before conducting the search and instructed another officer to do so by saying "camera, off, dude."  (Ex. B at 170129-3346 P#9080 pt 1 of 1.)  Because the officers intentionally failed to record all of the events that led up to Mr. Brown's arrest, their actions were taken in bad faith.

**II.  In the Alternative, the LVMPD's Failure to Record Mr. Brown's Encounter Requires the Court to Suppress the Firearm and Mr. Brown's Statements**

If this Court finds that the government's conduct falls short of a due process violation because the government did not act in bad faith, this Court should nevertheless sanction the government for the officers' failure to create a record of such important evidence. *See, e.g.*,

6

*Flyer*, 633 F.3d at 916 (citation omitted). In such circumstances, the government "bears the burden of justifying its conduct and the defendant bears the burden of demonstrating prejudice." *Id.* (internal quotation and citation omitted). The Court must then "balance the quality of the Government's conduct and the degree of prejudice to the accused." *Id.* (internal quotation and citation omitted). As stated above, it does not appear that the LVMPD officers destroyed evidence. But their intentional failure to record Mr. Brown's encounter leads to the same result: a lack of a contemporaneous record.

      The government cannot justify the officers' intentionally turning off and on their body camera devices to pick and choose the portions of Mr. Brown's arrest that the officers wished to preserve. Mr. Brown will suffer prejudice with respect to his ability to challenge his possession of the firearm by arguing, for example, that his demeanor when the officer first encountered him may indicate that he did not possess the firearm. He will further suffer prejudice by the LVMPD's failure to record statements he made initially and the statements where there is video but not audio. The government is undoubtedly required to disclose Mr. Brown's statements but now cannot do so fully given the officers' manipulation of their recording devices. *See* Fed. R. Crim. P. 16(a)(1)(A) (requiring disclosure of defendant's oral statement); 16(a)(1)(B) (requiring disclosure of defendant's recorded statement). Because of this obligation, the government cannot offer a reasonable justification for failing to record the entirety of Mr. Brown's statements. Finally, the officers' failure to record Mr. Brown's encounter prejudices his suppression motion because of the lack of a contemporaneous record regarding his location to the firearm during the officer's search, the timeline of events, and documentation as to the officers' compliance with inventory policy.

## Conclusion

For the above reasons, Mr. Brown respectfully requests the Court dismiss his Indictment because the government violated his due process rights by failing to preserve critical evidence. Alternatively, this Court should suppress the firearm and Mr. Brown's statements due to the failure to preserve evidence.

DATED this 14th day of June, 2017.

                          Respectfully Submitted,

                          RENE VALLADARES
                          Federal Public Defender

By:   */s/ Rachel Korenblat*
      RACHEL KORENBLAT,
      Assistant Federal Public Defender
      Attorney for Justin Brown

## Index of Exhibits

| A | LVMPD Arrest Report |
|---|---|
| B | LVMPD Body Camera Recordings |

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on June 14, 2017, she served an electronic copy of the above and foregoing **MOTION TO DISMISS OR SUPPRESS EVIDENCE (Evidentiary Hearing Requested)** by electronic service (ECF) to the person named below:

>STEVEN W. MYHRE
>Acting United States Attorney
>FRANK JOHAN COUMOU
>Assistant United States Attorney
>501 Las Vegas Blvd. South
>Suite 1100
>Las Vegas, NV 89101

>*/s/ Karen Meyer*
>Employee of the Federal Public Defender