UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:17-CR-58 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JUSTIN BROWN, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"). (ECF No. 55). Defendant Justin Brown filed an objection to the R&R on October 30, 2017. (ECF No. 63). Also on November 13, 2017, the government filed a response. (ECF No. 64).

Defendant filed a motion to suppress evidence on May 1, 2017. (ECF No. 20). The government responded on May 11, 2017 (ECF No. 21) and defendant replied on June 16, 2017 (ECF No. 39).

Defendant also filed a motion to dismiss or suppress evidence on June 14, 2017. (ECF No. 36). The government responded on June 28, 2017 (ECF No. 45), and defendant replied on July 14, 2017 (ECF No. 49.).

**I.  Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

## II. Discussion

In the report and recommendation, Magistrate Judge Ferenbach found that 1) the search incident to arrest violated Brown's Fourth Amendment rights; 2) Brown's statements are therefore inadmissible, but the firearm should still be admitted under the inevitable discovery doctrine; 3) while law enforcement officers did not activate their Body Worn Cameras ("BWCs") at the appropriate times in accordance with law enforcement polices, the officers did not violate Brown's due process rights; and 4) the officers' failure to record does not merit sanction by the court in the form of suppression. (ECF No. 55). The government concurs with Magistrate Judge Ferenbach's findings and asks the court to adopt the report and recommendation. (ECF No. 64).

Brown objects to Magistrate Judge Ferenbach's finding that the firearm is admissible under the inevitable discovery doctrine. (ECF No. 63). Brown also objects to Magistrate Judge Ferenbach's finding that the officers' failure to correctly operate their BWCs did not violate Brown's due process rights, or, in the alternative, warrant sanction. (ECF No. 63). Lastly, Brown does not object to any factual assertions made in the R&R, and thus the court adopts them in their entirety and references them herein.

### i. *Search incident to arrest*

The Fourth Amendment makes warrantless searches and seizures per se unreasonable, subject to a few specific and well-delineated exceptions (*See United States v. Cervantes*, 703 F.3d 1135, 1138-39 (9th Cir. 2012)). One exception is a search incident to a lawful arrest. (*See Arizona v. Gant*, 556 U.S. 332, 338 (2009)). This exception allows a policer officer "who makes a lawful arrest" to search the "arrestee's person and the area 'within [the arrestee's] immediate control.'" (*See Davis v. United States*, 564 U.S. 229, 232 (2011) (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969))). The area "within [an arrestee's] immediate control" is defined as "the area from with which [an arrestee might gain possession of a weapon or destructible evidence." (*See Chimel*, 395 U.S. at 763). The purpose of the exception is to protect the officers and to safeguard any evidence the arrestee may try to hide or destroy. (*See Gant*, 556 U.S. at 339).

Here, Officer Lebario, the first arriving officer, put Brown in handcuffs, patted him down, and placed him in his patrol car located about 15 to 20 feet away from the stolen vehicle and

adjacent to Brown's luggage. (ECF No. 55). Officer Lebario then locked the door. (*Id.*). Brown remained in Officer Lebario's patrol car until he was transported away from the scene. (*Id.*).

When officers decided to arrest Brown after discovering the warrant, Brown was already handcuffed and locked in Officer Lebario's patrol car. (*Id.*). Officers then conducted a search of Brown's luggage and belongings. The items searched were not possibly within Brown's immediate control, as he was still handcuffed and locked in the back of Officer Lebario's patrol car. Further, neither justification for the exception – to protect arresting officers or to safeguard evidence – is present here. Accordingly, the search was unlawful and violated Brown's Fourth Amendment rights.

The exclusionary rule prevents admission of any evidence that is the "fruit" of an unlawful search. (*See Wong v. United States*, 371, U.S. 471, 484 (1963)). Nonetheless, if it can be shown that illegally discovered evidence could also be the result of "means sufficiently distinguishable to be purged of the primary taint," then that evidence is admissible. (*See United States v. Davis*, 332 F.3d 1163, 1170-71 (9th Cir. 2003)).

*a. Firearm - admissible*

Here, Magistrate Judge Ferenbach found that the firearm would have been inevitably discovered as a result of a routine inventory search, and is therefore admissible as evidence. (ECF No. 55). Brown contends that the inevitability doctrine does not apply. (ECF No. 63). He asserts that the officers did not conduct the inventory search according to the appropriate procedures and, accordingly, the search does not meet the requirements of the inevitability doctrine. (*Id.*). Brown argues that by failing to adequately itemize Brown's belongings as required by inventory search procedure, the search was improper and does not qualify under the inevitability doctrine. This court disagrees.

The court agrees with Magistrate Judge Ferenbach and the government that the inevitability doctrine applies here. Inventory searches are lawful. While the exactness with which Officer Lebario described and itemized Brown's belongings may have been wanting, this does not render the inventory search unlawful altogether. Brown's belongings had to be searched and described for storage and transport purposes. While the degree of detail used by Officer Lebario may expose

James C. Mahan
U.S. District Judge

- 3 -

the government to liability for lost property, the legality of the search is unaffected. The government has shown by a preponderance of that the evidence the firearm would have inevitably been discovered by lawful means. Thus, the firearm should be admitted under the inevitable discovery doctrine as an exception to the exclusionary rule.

### b. *Statements - inadmissible*

Here, Magistrate Judge Ferenbach found the government did not meet its burden to show that Brown's statements were not the product of the illegal search incident to arrest. Neither Brown nor the government objected to this finding. Accordingly, this court concurs with Magistrate Judge Ferenbach's R&R. Brown's statements should be suppressed.

### ii. *Due process – failure to record using BWCs*

The Ninth Circuit has found that the "failure to collect . . . . evidence that is potentially exculpatory may violate a defendant's due process rights if that failure was motivated by bad faith." (*See United States v. Martinez-Martinez*, 369 F.3d 1076, 1086 (9th Cir. 2004). For a defendant to prevail on a claim that his due process rights were violated because the officers failed to collect potentially exculpatory evidence, he must show: (1) that the potentially exculpatory evidence was material to his case, and (2) that the government acted in bad faith.

Magistrate Judge Ferenbach found Brown failed to adequately show: 1) that the unrecorded portions of law enforcement's interaction with Brown were material; and 2) that the officers acted in bad faith. (ECF No. 55).

### a. *Materiality*

To be material, evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) was of "such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." (*See Martinez-Martinez*, 369 F.3d at 1086).

Here, the government argues, and Magistrate Judge Ferenbach agrees, that the missing BWC footage is not the only available source of evidence. (ECF No. 55). The un-filmed events and interactions were documented through other means, such as the arrest report, voluntary statements, and live-witness testimony. (*Id.*). Brown contends the other available sources of

evidence cited by the government are not qualitatively equivalent to the BWC footage. (ECF No. 63). Thus, Brown concludes the BWC footage of the events was material. Brown argues the recordings would offer a much more thorough and objective portrayal of the events than the officers' statements, or the statements of Chittenden, the owner of the car which Brown stole, for instance. (*Id.*).

In addition, Magistrate Judge Ferenbach finds that Brown did not adequately show that the BWC recordings possessed an exculpatory value that was *apparent*. At best, Brown makes a showing the missing BWC footage of his demeanor or statements *may* have been exculpatory. This is insufficient for materiality purposes.

Magistrate Judge Ferenbach also notes the evidence in question was not "destroyed." Instead, the officers failed to collect potentially useful evidence. This distinction is important. Under Ninth Circuit precedent, "it would be illogical to impose an obligation on the government to preserve evidence that it does not possess." (*See State v. Krosch*, 642 N.W.2d 713, 718 (Minn. 2002).

While this court, on whole, agrees with Magistrate Judge Ferenbach's findings as to materiality, because Brown has clearly failed to show bad faith on the part of the officers, his due process claim fails.

### b. Bad Faith

To constitute bad faith, law enforcement must have had "knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." (*See Arizona v. Youngblood*, 488 U.S. 51, 56 (1988)). A showing of negligence or recklessness is insufficient – bad faith requires something akin to a "conscious effort to suppress exculpatory evidence." (*See id.*). Defendant bears the burden of proving bad faith. (*See id.*).

Here, the fact that the officers failed to adequately record the events using their BWCs is more indicative of negligence than of bad faith. The officers' failure to activate and re-activate their BWCs according to Las Vegas Metropolitan Police Department protocol reflects their general inexperience with the cameras while on the job. Officer Roberts testified he had only been using his BWC for 3 days prior to the encounter with Brown. (ECF No. 55). Nothing in the record

- 5 -

indicates the "officers intentionally manipulated their BWCs for the specific purpose of prejudicing Brown." (ECF No. 55). Negligence or even recklessness does not equate to bad faith. Accordingly, Brown fails to make out a due process violation based on the officers' failure to adequately record BWC footage of the incident.

### *iii. Sanctions*

Short of finding a due process violation, Brown argues the court should sanction the government for the officers' failure to create a record of such important evidence. (ECF No. 36). Brown argues the officers' negligence warrants suppression of the firearm. (*Id.*). Magistrate Judge Ferenbach disagreed. This court concurs with the magistrate judge.

Brown's motion relies on *United States v. Flyer*, a Ninth Circuit case holding that "if the government destroys evidence under circumstances that do not violate a defendant's constitutional rights, the court may still impose sanctions including suppression of secondary evidence." (*United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011)). Courts must balance "the quality of the government's conduct and the degree of prejudice to the accused." (*Id.*).

In *United States v. Flyer*, where the court issued sanctions, the loss of evidence was due to its mishandling by an FBI agent. (*See id.*). The court did not address whether sanctions are appropriate when officers fail to collect evidence in the first place, as is the case here. Brown fails to offer substantive support for such a contention.

While Brown contends the lack of a contemporaneous record (that would have been supplied by proper BWC use) will greatly prejudice Brown's case (ECF No. 36), a balancing analysis weighing government conduct and prejudice to defendant is unnecessary here. Brown fails to cite relevant case law where officers' negligent failure to collect evidence resulted in court issued sanction. Accordingly, this court adopts Magistrate Judge Ferenbach's refusal to sanction the government.

### III. Conclusion

For the reasons stated in Judge Ferenbach's R&R and stated above, the court will grant in part and deny in part defendant's motion to suppress and deny defendant's motion to dismiss or suppress.

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 55) be, and the same hereby is, adopted in its entirety.

IT IS FURTHER ORDERED that defendant's motion to suppress (ECF No. 20) be, and the same hereby is, GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendant's motion to dismiss or suppress (ECF NO. 36) be, and the same hereby is, DENIED.

DATED January 10, 2018.

                                                  /s/ James C. Mahan
                                            UNITED STATES DISTRICT JUDGE